Morning, Your Honors. David Williams on behalf of Mr. Mathews. Proceed. Mr. Mathews' conviction for violating Section 924C should be vacated because the court's jury instruction on that count did not describe a federal crime. To prove that a person violated Section 924C, the government must demonstrate that the defendant used a firearm in relation to a federal crime of violence. In this case, the indictment identified violations of Section 1959, alleged in Counts 1 and 3, as the predicate crimes of violence for the Section 924C violation. The government's proposed jury instructions, however, identified New York State crimes of attempted murder and assault with a dangerous weapon as the predicate crimes of violence for the 924C charge. Have we ever ruled that that is error? Your Honor, we searched far and wide for any case, not just on the 924C case, for a situation where a court did not describe a federal crime in its jury instructions. And we were unable to find a single case where a federal judge failed to describe a federal crime. Now, was there a contemporaneous objection to this? No. So it's plain error. And if it's plain error and you can't find any case on it, that doesn't bode well for your argument. Am I correct? If it was plain error, but Your Honor, a federal court cannot enter judgment on conduct that didn't violate the federal law. No, that would seem to be rather remarkable. But I'm sort of fixated here on the standard of review because the judge was never told that. I understand. I wasn't the trial judge. I mean, the trial lawyer. And I don't know why there wasn't an objection, but there wasn't. But first principles state that in order to be a judge guilty of a federal crime and be sent to jail for a federal crime, you have to be found guilty by a jury of a federal crime. And for whatever reason, the court told the jury as a matter of law that the New York State crime of assault with a dangerous weapon was a crime of violence. And we all know that's not true. It's not accurate. I don't know why the prosecutors put that in their proposed jury instructions. The judge repeated it both at the beginning of his jury instructions and specifically when he charged the 924 C violation. I have no explanation for why it happened, but it did. And I just can't see how Mr. Matthews can be sent to jail for conduct that the jury found him guilty of. It wasn't a federal crime. It's really it's the most unusual situation I've ever seen. And I've been doing this for a long time. The jury was charged. The instruction specifically referenced assault with a dangerous weapon and not assault resulting in bodily injury. Is that correct? Correct. There's no suggestion that this crime can be committed recklessly. Correct. This crime can be committed recklessly. Assault with a deadly weapon. Assault with a dangerous weapon. Assault with a dangerous weapon. Yeah. There are three states in the circuit. Vermont, you can do it negligently. In Connecticut, you can do it recklessly. And in New York, you can do it recklessly. That's the point of your argument, I think, right, is that it includes reckless conduct. Well, that's the second. Yeah. The second argument is that it's that assault with a dangerous weapon is not a categorical crime of violence because using the categorical approach, you look at the elements, the elements of assault with a dangerous weapon in aid of racketeering are a one assault to with a with a dangerous weapon and three in aid of racketeering. And if you use a categorical approach, you look at the minimum conduct required to commit that crime. And as I say, in Vermont, as crazy as it seems, it's negligent conduct. And in Connecticut, in New York, it's reckless conduct. So just to go back to just Jacobs's question, are you are you arguing because it's not clear that that is plain error or are you arguing some of the deficiency in the instruction or are you arguing some sort of a structural, more fundamental error? Well, my primary argument, Judge, is that the court didn't have jurisdiction to enter judgment on that count because the jury did not convict him of a federal crime. Second argument is that there was structural error because it affected three basic tenets of constitutional law. One, you have to be found guilty beyond a reasonable doubt of the crime in which you're charged. He wasn't because we know that the fundamental jurisdictional element wasn't in the court's jury in the court's charge to the jury has to has has to follow the court's instructions on the law. And three. Federal courts have jurisdiction to adjudicate only federal crimes. This is really a this is probably a one off. I, as I say, I've never seen it before. I don't know how it happened, but the jury, as charged by the judge, could not have convicted him of 924 C because the jury was not given that element of the crime. And it's a real problem. And if you the government and its brief suggests that. Assault with a dangerous weapon is categorically a crime of violence, regardless of the state offense charged. And if that statement is accurate, if that statement if their analysis is accurate. Assault with a dangerous weapon is not categorically a crime of violence because it can be committed. Recklessly, it doesn't doesn't have to be committed with intent to cause bodily injury. And if that's the case, Leonard Matthews never should have been charged with a 924 C violation. He wasn't convicted of a legitimate 924 C violation. And we've asked the court to strike that part of the judgment and remanded to the court for further proceedings, primarily to readjust his sentence because he received the 10 year mandatory minimum consecutive sentence for that. You got the sentence under the gun charge, the extra. How much was that? 120 months on the gun charge. Now, the judgment indicates that he got 120 months consecutive to the sentence he received on the other violations. Correct. That's the part of the sentence that you think is an error. That's the only part of the sentence that we think is an area. Because the night that the 1959 violation that he was convicted of was legitimate. There's no doubt about that. There's no doubt in my mind about that. That's the aiding and abetting charge. Thank you very much. You have two minutes for rebuttal. We'll hear from the government. Thank you, counsel. Thank you. Good morning, your honors. May it please the court. My name is Dominic Gentile. I'm an assistant United States attorney for the Southern District of New York. I represent the government on appeal, and I represented the government before the district court. With the court's permission, I'm going to turn first to the appellant's argument that his conviction was not properly predicated on a crime of violence. Matthews argues at count three, the assault with a dangerous weapon in aid of racketeering probably does not qualify as a federal crime of violence. Because it cross-references five sections of New York State Penal Code, including a section that encompasses menacing. Which falls under Penal Code section 120.05 subdivision four. But Matthews was convicted of a violent crime in aid of racketeering, namely assault with a dangerous weapon in violation of Penal Law section 120.05 subdivision two. And that's the big difference here, your honor. We know that because the district court instructed the jury on that specific provision of the New York State Penal Code. And that can be found in the trial transcript at 1131 and 1132. Because both the Vicar Statute and the New York State Penal Code with respect to assault with a dangerous weapon are divisible, a modified categorical approach is appropriate here. This allows the court to examine the trial record to determine which statutory phrase form the basis of the defendant's conviction, including jury instructions, verdict forms, and transcripts, all of which are relevant here. As recently as February of this year, your honors, this court held that a violation of New York State Penal Law section 120.05 subdivision two, the same crime that Matthews was convicted of, the same predicate crime which formed the basis of his Vicar conviction, is categorically a crime of violence under various force clause provisions. What case was that, counsel? There are three cases, your honor. United States v. TAB, 949F3D81, Second Circuit 2020. That was found, 120.05 subdivision two was found in the context of USSG section 4B1.2's force clause. Singh v. Barr, 939F3D457, Second Circuit 2019. 120.05 subdivision two was found as a crime of violence under 18 U.S.C. 16A. And United States v. Walker, 442F3D787, Second Circuit 2006. It was found as a crime of violence under the ACCA's force clause provision. This court's reasoning in those cases applies equally to the force clause of section 924C, judges. I would also point the court to two recent decisions out of the Sixth Circuit, Manners v. United States, and in the Fourth Circuit, United States v. Keene. Those courts recognized the federal crime of assault with a dangerous weapon in aid of racketeering as categorically a crime of violence. Now, with respect to the defendant's argument regarding the court's instructions to the jury, the district court committed no error, much less plain error, in instructing the jury as to count four, which charged Matthews with the 924C count. As the indictment clearly states, the crimes of violence which served as the predicate crime for count four were the two counts of violent crimes in aid of racketeering he was charged with in count one. The attempted murder, and count three, the assault with a dangerous weapon. Both of which are clearly federal charges. Wasn't he acquitted of counts one and two? No, he was acquitted of count one. He was convicted of count three, which is the assault with a dangerous weapon. What about count two?  Right, that's what I said. So he was charged, but not convicted of those crimes. But he was convicted of count three, which is the other Vicar count, which forms the basis of the 924C charge, Judge. So he was convicted of a federal crime. The federal crime encompasses an examination of New York State Penal Code. And that was expressly, each of the Vicar counts required proof of violations of state law, the New York State Penal Code, which I just discussed. But the Vicar statute expressly allows for the examination of state law. And this court expressly acknowledged that in United States v. Carrillo in 2011. But in addition to approving the elements of the state law charge, the government has to prove that attempted murder or assault with a dangerous weapon, we were required to prove four additional elements. So the defendant's argument that there was no federal crime committed and that the court had no jurisdiction as a result, really it just fails on its face. But even if there were any error in Judge Atkins' shorthand descriptions of the attempted murder in count one and the assault with a dangerous weapon in count two, there's no evidence that it was plain error. And he cites to no legal authority, as Your Honors pointed, because there is none. There has been no court in this country that has negated a Vicar count based on the fact that they had to prove a state charge. The statute expressly provides for that. I think your adversary's argument is that there is no such case because it's not conceivable that there would be such a case that somebody would be convicted on this without having committed a federal crime. In other words, each one of you is drawing a different inference from the fact that there's no case. You're saying there's no case, so it's plain error. It couldn't have been a mistake because there's no case going the other way. Your adversary says the error is plain because there is no case that did what this case did, what the judge did in this case with the charge. I respectfully disagree with my adversary's assessment or evaluation of that. That's expected. Every Vicar conviction proceeded in the same way as Mr. Matthews' conviction here. It examined either a state law charge, which formed the predicate crime for the Vicar charge. Vicar charges routinely incorporate state law charges as the statute itself allows. To say that he's trying to prove a negative, in other words, that there are no cases that overturned a Vicar conviction on a state law charge, clearly that's true because the statute itself permits the state law charge to be incorporated as a predicate crime. With respect to the defendant's other arguments regarding the Doyle violation, he argues that the district court committed plain error when it did not sua sponte, issue a limiting instruction, or preclude witness testimony about Matthews' invocation of his right to counsel. But using the standards invoked by the Supreme Court's decision in where Miller as guideposts, an isolated reference to Matthews' invocation of his right to counsel during the testimony of a single witness does not amount to a violation of the Fifth Amendment as he argues. For one thing, defense counsel didn't object. He didn't ask for a limiting instruction. There were no additional references to his invocation of the right to silence. The isolated exchange consists of two lines out of 1,211 pages of trial transcript. And more importantly, judges, it wasn't used to impeach an explanation offered by the defendant during the trial. Moreover, Mr. Matthews wasn't prejudiced by the brief testimony because it wasn't used for any adverse purpose, nor did it add to the strength of the government's case, which was, I would say, overwhelming. With respect to the defendant's argument regarding the Franks hearing, he argues that the district court erred when it denied his request for a Franks hearing in connection with his motion to challenge the validity of a search warrant affidavit for a phone that was taken from the defendant. The gravamen of his argument is that the affiant, Detective Cole, intentionally misled the issuing magistrate when he said that the phone appeared to be the same make and model as the cell phone appellant possessed on October 20, 2017. And I'm pulling that quote from the defendant's brief at 44, 45, 46, and 48. However, Detective Cole never said that he could identify the make and model of that phone. And that appears nowhere in the search warrant affidavit, notwithstanding the defendant's repeated reference to that quote. All Detective Cole said was that it appears to be the same subject device that appeared in the video. In other words, he was expressing his opinion about the subject cell phone. And he did this after reviewing the videotape and after reviewing and examining the physical cell phone that was taken from the defendant when he was arrested a couple of months later. Rather than provide an affidavit himself, the defendant had his attorney provide an affirmation in support of his motion. And that affirmation challenged the identification of the subject cell phone on the basis of the security camera footage. The attorney affirmation made no reference because he could not. He did not examine the physical phone because the physical phone was in the possession of the police at the time. So it wasn't based on personal knowledge. There was no indication that he had any firsthand knowledge about the cell phone that the defendant was using in the video. And as I said before, he wasn't able to examine the physical phone that was taken from him. But if you look at a video and the video reflects that there's a cell phone with no salient or detectable features, that would cause a question as to whether a detective looking at the same video could conclude that the phone that appears in it is the same as the one that the detective has in front of him. Well, I would suggest, Your Honor, that since the detective looked at both the video and the physical device that he had in front of him and was able to make that comparison as opposed to someone who looked at only the video, had no idea of what type of cell phone was seized from the subject when he was arrested, it's difficult to make a comparison when you're only looking at one device. And I would suggest that Detective Cole's examination is much more accurate and should be afforded much more validity. But even if Detective Cole's identification was incorrect, he does not come close to establishing that the detective intentionally misled the court or recklessly disregarded the truth. It was just the detective's opinion that he offered, and even without that opinion, there was sufficient probable cause for the magistrate to issue the warrant. The subject's cell phone was taken from the defendant when he was arrested two months later. He was seen using a cell phone in the video, and he was seen using it, and there was testimony that he used it in connection with the shooting that occurred on October 20th. There are other cases we cited in our brief. One is United States v. Delver, in which the district court found that such a connection, that identical connection where a cell phone was viewed in a video, and it was also a cell phone was taken from a defendant at a point later in time that was used in connection with a crime, had sufficient probable cause to establish a warrant. On another point, what could justify eliciting from the detective that when the defendant was arrested, he asked for a lawyer? On the Doyle challenge, Your Honor, that was a mistake in eliciting that testimony. No doubt about it, but it was a passing reference, and it was a mistake that wasn't material to the case. It didn't prejudice the defendant in any way. As I went through the steps before, the Doyle factors and the Greer factors, one passing reference in a week-long trial out of 1,200 pages of trial transcript that was never referenced again, and more importantly... Was there a request for an instruction? No, Your Honor, there was no objection to the question, and there was no request for a limiting instruction to the jury. But you would agree that requesting a limiting instruction would do more harm than good. Right. I can't get into the mind of the defense counsel judge. I can only tell you that it wasn't used to impeach him. You don't have to go very deeply into the mind of defense counsel to say that when a potent statement like that is elicited, the last thing you need is to have the judge underline it, repeat it, and then say, oh, don't pay any attention to it. Well, I would also add and point out that there was no objection during the exchange as well. Again, as I can't get into the mind of defense counsel, if he didn't object to it and didn't ask for a limiting instruction, I believe it's because it was such a passing reference that there was no prejudice. Mr. Gentile, let me just ask you a housekeeping question, at least in my mind. Set aside the standard of review for a second. Can you hear me? Yes, sir. With respect to whether 1959 is a crime of violence, it appears that there are some other panels that have got that question before it. Is that right? I believe that's correct, Judge, yes. Okay. Thank you, counsel. Mr. Williams, you reserve two minutes for rebuttal, and I have a question for you right out of the box. The district court began its instruction on the 924C count by noting that you cannot consider this count unless you determine that the defendant is guilty of one of the predicate federal charges. As the government notes, this incorrectly states the law in Matthew's favor. Isn't that correct? It would. But the court said that you cannot consider this count unless you determine that the defendant is guilty of one of the predicate federal charges. Doesn't that misstate the law in Matthew's favor? It does, Your Honor, yes. But that doesn't correct the real problem, which is the judge said, told the jury as a matter of law, I instruct you that the attempted murder charge that he was acquitted of and the assault with a dangerous weapon charged in count three qualify as crimes of violence. That's the problem. They don't. That is not a jurisdictional problem. Well, it is because that is the jurisdiction. Jurisdiction attaches upon indictment. I understand, Your Honor, but there are a court only has jurisdiction to enter judgment on a federal crime if the jury found the person guilty of a federal crime. Why is this case so unusual? I'm not saying that the court had no jurisdiction to adjudicate the issue, but as charged to the jury, the jury could not possibly have found him guilty of a federal crime. And if the jury didn't find him guilty of a federal crime, the court has no jurisdiction to enter judgment and sentence him to ten years. I think the analysis is wrong there, with great respect. Would you go through that again for me? I'm slow on the uptake here. Tell me why they did not convict him of a federal crime and what was the actual error in the instructions? The jurisdictional element in 924C is that you have to use a firearm in relation to a crime of violence that can be prosecuted in a court of the United States, in other words, a federal crime. That is the jurisdictional element. And Vicar doesn't suffice? No, Vicar does suffice, Your Honor. No? Vicar suffices in the sense that it's a federal crime. We don't agree that it's a federal crime of violence for the reasons I stated before. I'll get to that in a minute if I have enough time. Yes, take all the time you need. Okay. When the court instructed the jury on the 924C, the court instructed the jury that a New York State crime, assault with a deadly, dangerous weapon, was a crime of violence. And we know it isn't. It can't be, never in a million years, because it requires a federal crime of violence. And the jury could not have convicted him of a 924C violation. It's impossible. Logically, it's impossible. That's my point. It's never happened before. As I say, we searched far and wide for a case that came anywhere near this where a federal judge failed to properly instruct a jury about the elements of a federal crime, and we couldn't find a single one. What if the underlying conduct is conduct for which the defendant may be prosecuted in a court of the United States, but was prosecuted in a state court? Wouldn't that cover any person who, in relation to any crime of violence, for which the person may be prosecuted in a court of the United States? That doesn't necessarily mean it has to be a federal crime. Yeah, I think it does, Your Honor. I think that the courts of the United States  not because it... It is a crime of violence for which a person may be... Oh, I see what you're saying. You're saying that even if you commit a crime of violence that can be prosecuted in the state court or in the United States court, that this is only referring to a crime of violence that would be a federal offense. Correct. This is complicated stuff. Yeah, let me explain. It's actually very easy because when you look at Section 1959, it takes a different tact. It says, commits any number of crimes, including assault with a dangerous weapon, in violation of the laws of any state or the United States. That encompasses both state and federal crimes. The underlying federal crime of violence, in this case, would have been the 1959 charge. But for whatever reason, and the U.S. Attorney's Office still has not explained this, why they chose to propose a jury instruction that referred to a state crime of violence, and it wasn't just once. It happened throughout the... Didn't they have to? Excuse me? Didn't they have to tie it to a state crime? I didn't hear that. Didn't they have to do that? For the Vicar. Yeah, for the Section 1959. But we don't have any objection to the conviction and entering a judgment on the basis of the jury's guilty verdict on Count 3. It's Count 4, the 924C, that we have a problem with. So do you think there were an error in using New York State law under the Vicar statute to be the state crime that was referenced? Do you think that was the error? Not for Count 3, but for Count 4, it had to reference the Vicar. And that brings me to the prosecution's argument today. They say two things. Categorical crime of violence following the Sixth Circuit's analysis. And then they said, oh, no, you can use the modified categorical approach. But they waived that argument because they never made it in their brief. They asked you to find that it was a categorical crime of violence. What's the difference if it's modified or just categorical? Section 1959A3 references a single crime. It's the use of a dangerous weapon in the aid of racketeering. That's the single crime. So those are the elements. And we know that assault with a dangerous weapon doesn't have to be committed with intent to cause bodily injury. That's the difference. It can be committed with a lesser degree of, a lesser mental state. But what is modified categorical as opposed to categorical? Tell me what's being modified. How it changes the analysis. If a criminal statute describes a number of different crimes, then the court can look at the indictment, the jury instructions, etc. But they've asked you, the prosecution has asked you to find that a violation of Vicar, Section 1959A3, is a categorical crime of violence. And it isn't because it can be committed negligently in Vermont and recklessly in Connecticut and New York. And I'm sure throughout the country there are probably similar, similar statutes because firing a gun into a house, you don't know whether anybody's in there, would be certainly reckless. So what about Walker, which the government cited that assault with a dangerous weapon is a crime of violence under ACA and also Sing V. Barr, which he also cited, finding the same in the immigration context. Because in those situations with armed career criminal, the court can look to both prior federal and state convictions to see whether or not there have been prior crimes of violence committed by the defendant.  it's the same situation. It's not just a federal crime of violence. It's a federal and state crime of violence. That's what sets 924C apart. Right, but this is what Walker said. Any attempt to cause physical injury by means of a deadly weapon is necessarily an attempt to use physical force. That's Walker, which the government cited to us a few minutes ago. That's from our court and it was from 2006. Isn't that correct? That's what it says, but it's, you know, I... That's what it says, but it didn't mean it? It's incorrect because if you use the categorical approach, if a crime can be committed recklessly, for example, as crazy as it seems, the 9th Circuit held that federal murder can be committed recklessly and is not categorically a crime of violence. I don't know what the parties argued in Walker, but I know what I'm arguing here. And I'm arguing that the categorical approach means that 1959A3, the count that Mr. Matthews was charged with and convicted of, is not a categorical crime of violence. Is there not a... Is there not a little codicil of that, which is that it's an aid of racketeering? So if you add that, explain to me how that, how that then would encompass reckless conduct. Oh, sure. You don't aid in racketeering recklessly. I think. Well, if you look at what DeJesus did, that was certainly reckless. He shot a gun on a crowded street. That's exactly what New York law prohibits and which the New York courts have said is reckless conduct. And if you just want to scare people, you can act recklessly to scare people. You don't have to... But it's not just wanting to scare people. It's wanting to aid in racketeering activity. Anyway, all right. Yeah, if you want to intentionally aid in racketeering activity, and I'm a member of this group of bloods, and I want to scare away a rival group that's on a different corner, and I just fire a gun in their direction with no intent to cause physical injury, that's reckless conduct. And it's done intentionally in aid of racketeering, but it's reckless. It's a violation of New York law because it's reckless. Okay. Well, thank you very much. It's a thought. Thank you, the reserved decision. Thank you both very much for a really good argument. Thank you, everyone.